THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ADRIANA CANO, KIMBERLY MARTIN, BEATRIZ RAMIREZ, ALANDRA VALDERAS, PAULINA TRUJILLO, AND RICARDO YANEZ, *on behalf of themselves and all other similarly situated employees,*<br><br>Plaintiffs,<br><br>v.<br><br>FQSR, LLC D/B/A KBP FOODS<br><br>Defendant. | Case No.<br><br>Jury Trial Demanded |

**FLSA COLLECTIVE ACTION AND MISSOURI CLASS ACTION COMPLAINT**

Plaintiffs Adriana Cano, Kimberly Martin, Beatriz Ramirez, Alandra Valderas, Paulina Trujillo, and Ricardo Yanez on behalf of themselves and all other similarly situated employees, known and unknown, through their attorneys, for their Complaint against Defendant FQSR LLC, d/b/a KBP Foods ("Defendant" or "KBP"), state as follows:

### I. NATURE OF PLAINTIFFS' CLAIMS

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq.*, and Missouri Minimum Wage Law ("R.S. Mo."), §§ 290.500, *et seq.* and under Missouri common law for Defendant's failure to pay overtime wages, minimum wages and other earned wages to Plaintiffs and other similarly situated employees.

2. On information and belief, Defendant is Kentucky Fried Chicken U.S.'s largest franchisee. Defendant owns at least 530 fast food restaurant franchises across the United States.

3. Plaintiffs and other similarly situated employees were not paid all of their earned wages, including overtime wages, for time worked in excess of forty (40) hours in individual work

1

weeks, as management engaged in a scheme to short employees' compensable time by routinely deleting time from employees' timesheets.

4. On information, Defendant had a policy and practice of rewarding its store managers with bonuses for reducing labor costs.

5. In addition, Defendant knowingly used faulty equipment for its time keeping system which resulted in a failure to properly record all compensable time for its employees so that Plaintiffs and other similarly situated employees were not compensated for all time, including overtime..

6. Defendant's store closing procedures also resulted in underpayments, in that employees were required to clock out but remain on premises for closing procedures and the additional time was not added to the employees' time records.

7. On information, Defendant's time-keeping and compensation policies and practices were made by Defendant's corporate officers.

8. Defendant's unlawful compensation practices are continuing to this day and have (and have had) the effect of denying Plaintiffs and other similarly situated employees their earned and living wages. A copy of Plaintiffs' Consents to bring this case as a representative action are attached hereto as Exhibits A-F.

## II. JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' FLSA claim pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. §216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claim pursuant to 28 U.S.C. §1367.

10. Venue is proper in this judicial district as a substantial number of the facts and events giving rise Plaintiffs' claims occurred in this judicial district and as Defendant transacted business within this jurisdiction.

# III. THE PARTIES

11. Within the five years prior to the filing of this lawsuit, Plaintiff Kim Martin has:

    a. resided in and been domiciled within this judicial district during all relevant time periods;

    b. handled goods that have moved in interstate commerce; and

    c. been an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. 203(e), and the R.S. Mo., § 290.500(3).

12. Within the five years prior to the filing of this lawsuit, Plaintiff Adriana Cano:

    a. resided in and been domiciled within this judicial district during all relevant time periods;

    b. handled goods that have moved in interstate commerce; and

    c. been an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. 203(e), and the R.S. Mo., § 290.500(3).

13. Within the five years prior to the filing of this lawsuit, Plaintiff Alondra Valderas:

    a. resided in and been domiciled within this judicial district during all relevant time periods;

    b. handled goods that have moved in interstate commerce; and

    c. been an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. 203(e), and the R.S. Mo., § 290.500(3).

14. Within the five years prior to the filing of this lawsuit, Plaintiff Ricardo Yanez Noriega:

    a. resided in and been domiciled within this judicial district during all relevant time periods;

    b. handled goods that have moved in interstate commerce; and

    c. been an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. 203(e), and the R.S. Mo., § 290.500(3).

15. Within the five years prior to the filing of this lawsuit, Plaintiff Paulina Trujillo:

    a. resided in and been domiciled within this judicial district during all relevant time periods;

b. handled goods that have moved in interstate commerce; and

   c. been an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. 203(e), and the R.S. Mo., § 290.500(3).

16. Within the five years prior to the filing of this lawsuit, Plaintiff Beatrice Ramirez:

   a. resided in and been domiciled within this judicial district during all relevant time periods;

   b. handled goods that have moved in interstate commerce; and

   c. been an "employee" of Defendant as that term is defined by the FLSA, 29 U.S.C. 203(e), and the R.S. Mo., § 290.500(3).

17. Within the five years prior to the filing of this lawsuit, Defendant KBP:

   a. has been a corporation organized under the laws of the State of Delaware;

   b. has conducted business in multiple states in the United States, including Missouri and Kansas, within this judicial district;

   c. has been an "enterprise" as defined by in Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of Section 3(s)(1)(A) of the FLSA;

   d. Defendant's annual gross volume of sales or business done exceeds $500,000, exclusive of excise taxes;

   e. has had two or more employees who have handled goods which have moved in interstate commerce; and

   f. has been an "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d), and Mo. Rev. Stat § 290.500.

## IV. FACTUAL BACKGROUND

18. Defendant operates multiple restaurants within this judicial district and throughout the United States, including multiple Kentucky Fried Chicken Restaurants.

19. Plaintiffs work or worked in the restaurants as cooks, cashiers and shift managers.

20. Defendant's various restaurants are common enterprises as defined by 29 U.S.C. §203(r). Among other things, Defendant's restaurants share common ownership, management,

human resource functions and personnel, share work rules, and utilize the same time-keeping and pay practices that are alleged herein to violate the FLSA and the Missouri state and common law.

### The Deletion of Hours

21. Defendant did not compensate Plaintiffs and others similarly situated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks, in that Defendant failed to pay Plaintiffs and other similarly situated employees for all compensable time in individual work weeks in which they worked in excess of forty (40) hours.

22. On information, at all relevant times, Defendant has had a bonus policy that rewards store managers for reducing labor costs.

23. As a result of Defendant's company-wide policy, store managers regularly deleted time worked from Plaintiffs and other similarly situated employees' timesheets so that these employees were deprived of pay – including overtime pay – for time worked.

24. On information and belief, these changes were made in an effort to reduce labor costs and earn management incentives for maintaining labor costs below a certain level.

### The Biometric Time Keeping System and Inactive Registers

25. In addition, Plaintiffs and other similarly situated employees were required to work off the clock because of Defendant's time-keeping system.

26. On information and belief, Defendant uses a common biometric time-keeping system attached to its cash registers at all of its stores for employees to clock in and clock out. In order for the scan to be processed, a cash register must be turned on and "active."

27. When the system operates properly, an employee's punch-in information is transmitted to a "back of the house" computer, which records employees' time.

28. If an employee uses a scanner attached to an inactive register, the information will not be transmitted to the "back of the house" computer and will only be entered if a manager manually records the time at some later point.

29. When an employee arrives for a shift after the restaurants have been opened, active registers are in use with customers and employees must use a scanner attached to an inactive register, so the scan-in information is not processed properly for purposes of timekeeping.

**The Biometric System's Failure to Record Hours Worked**

30. Even when an active register is available, Defendant's timekeeping system regularly malfunctions in that the thumbprint scanner does not read an employee's biometric information and employees are regularly unable to clock in at the start of a shift or the conclusion of a break.

31. In the instances where the scanner malfunctions or where an employee clocks in using an inactive register, the restaurant manager is supposed to manually enter an employee's clock-in or out information into the "back of the house" computer.

32. Restaurant management has regularly failed to make the necessary adjustments to employee's timesheets.

33. Plaintiffs have been regularly underpaid because of these problems with the time-keeping system.

34. On information, other similarly situated employees have been underpaid as a result of the problems with the Defendant's timekeeping system.

**Defendant's Closing Procedures and Work Performed Off-the-Clock**

35. Defendant's closing procedures also result in the shorting of wages when Plaintiff Yanez and other similarly situated employees have been assigned to perform duties necessary to close a restaurant.

6

36. Defendant's closing procedures require managers to run their end-of-day reports after the cash registers are shut down for the day.

37. Because the biometric scanners are attached to the registers, employees responsible for closing duties are required to punch out before the registers are closed and the reports are run even though their closing duties are not yet complete.

38. Plaintiffs and other similarly situated employees are not compensated for the time they spend closing, including overtime wages in individual work weeks in which they work in excess of forty (40) hours.

## V. COLLECTIVE ALLEGATIONS

39. Plaintiffs bring the FLSA claims as an "opt-in" collective action pursuant to 20 U.S.C. sec. 216(b). Plaintiffs, individually, and on behalf of other similarly situated employees, seek relief on a collective basis for those employees adversely impacted by Defendant's problematic time keeping practices, as set forth above.

40. The class of employees on behalf of whom Plaintiffs bring this "opt-in" collective action is similarly situated because they have been subject to a common decision, policy, or plan that violated the FLSA. Plaintiffs and the employees they seek to represent worked for Defendants in non-exempt positions in Defendant's stores throughout the United States.

## VI. CLASS ACTION ALLEGATIONS

41. Plaintiffs will seek to certify as a class action pursuant to FRCP Rule 23 for their state law claims for Missouri-mandated minimum wages (Count II), overtime wages (Count III) and their claims under Missouri common law for unjust enrichment (Count IV) and breach of contract (Count V). Plaintiffs will further ask the Court to determine the rights of the parties pursuant to the above-referenced statutes and to direct the Defendant to account for all hours worked and wages paid to the class members during the temporality of the class.

7

Case 4:18-cv-00640-SRB    Document 1    Filed 08/16/18    Page 7 of 18

42. The Missouri-based Class that Plaintiffs seek to represent is composed of and defined as: "Plaintiffs and all non-exempt employees employed by Defendant in Missouri from August 16, 2013 up through and including the date of judgment."

43. Counts II – IV are brought pursuant to Fed. R. Civ. P. Rule 23(a) and (b) because:

   a. the class is so numerous that joinder of all members is impracticable. While the precise number of members of the Missouri Class has not been determined at this time, Plaintiffs are informed and believe that Defendants have employed hundreds of individuals who meet the definition of the Missouri Class during the temporality of the Class Period who have been affected by the alleged overtime violation; and

   b. There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members. These common questions of law and fact include, without limitation:

      (i) Whether Defendant had a common policy or practice of awarding managerial bonuses based on reducing labor costs;

      (ii) Whether Defendant had any system in place to check the accuracy of time records reported by store managers to avoid the practice complained of;

      (iii) Whether Defendant's time-keeping system resulted in the systemic shorting of time compensated for compensable work performed by Plaintiffs and other similarly situated employees of Defendants; and

      (iv) Whether Defendant compensated Plaintiff and other similarly situated employees of Defendant for all compensable time worked;

   c. The Class Representatives and the members of the Missouri Class have been equally affected by Defendant's time-keeping and pay practices;

   d. Given the nature of the fast food industry, members of the class will be reluctant to bring forth claims for unpaid overtime and other wages out of fear;

   e. Given that Plaintiffs and other similarly situated employees of Defendants, regardless of where assigned to work, were equally affected by the alleged policies and practices of Defendant, the class representatives, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the class representatives are able to fairly and adequately represent the interest of the classes. If individual actions were required to be brought by each member of the class injured or affected,

8

the result would be a multiplicity of actions creating a hardship on the class members, Defendants and the Court.

44. Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

## COUNT I
## Violation of the Fair Labor Standards Act

Plaintiffs Martin, Ramirez, Cano, Yanez, and Trujillo on behalf of themselves and a class of other similarly situated employees

*Overtime Violation*

Plaintiffs incorporate and re-allege paragraphs 1 through 45 as though set forth herein.

45. This Count arises from Defendant's violation of the FLSA, 29 U.S.C. §201, *et seq.*, for its failure to pay overtime wages to Plaintiffs and other similarly situated employees for all time worked in excess of forty (40) hours in individual work weeks as set forth in more detail in paragraphs 21 – 38, *supra*.

46. During the course of their employment by Defendant, Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

47. Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks.

48. Other similarly situated non-exempt employees employed by Defendants were directed by Defendants to work, and did so work, in excess of forty (40) hours per week.

49. Pursuant to 29 U.S.C. §207, Plaintiffs and other similarly situated employees were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

50. Defendant did not compensate Plaintiffs and other similarly situated non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked

9

in excess of forty (40) hours in individual workweeks as set forth in more detail in paragraphs 21 – 39, *supra*.

51. Defendant's failure to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week violated the FLSA, 29 U.S.C. §207.

52. Plaintiffs and other similarly situated employees of Defendant are entitled to recover unpaid overtime wages for up to three years prior to the filing of this lawsuit because Defendant's violation of the FLSA was willful. At all relevant times herein,

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and similarly situated employees' hourly wage rate for all time which Plaintiff and similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in bringing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
## Violation of the Fair Labor Standards Act

All Plaintiffs on behalf of themselves
and a class of other similarly situated employees

*Failure to Pay Minimum Wage for All Hours Worked on a Workweek Basis*

Plaintiffs incorporate and re-allege paragraphs 1 through 53 as though set forth herein.

53. Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA's minimum wage law, FLSA, 29 U.S.C. §201, *et seq*.

54. The FLSA's wage and hour laws regulate, among other things, the payment of minimum wage by employers, subject to limited exemptions not applicable here. FLSA, 29 U.S.C. §206.

55. The FLSA's wage and hour laws exempt certain categories of employees from federal minimum wage obligations, none of which apply to Plaintiffs or the Class.

56. Pursuant to the FLSA's wage and hour laws, Plaintiffs and Missouri Class members were entitled to be compensated at not less than the federal minimum wage rate for all time worked.

57. Defendants, pursuant to their policy and practice set forth more fully in paragraphs 21 – 38, supra, violated the FLSA's minimum wage law by failing to pay Plaintiffs and other similarly situated employees not less than the federal minimum wage rate for all time worked. FLSA, 29 U.S.C. §206.

58. Plaintiffs and the class are victims of a uniform and employer-based compensation policy and practice as set forth in more detail in paragraphs 21 – 38, *supra*. This uniform policy and practice, in violation of the FLSA's wage and hour laws, has been applied, and continues to be applied, to all class members.

59. Plaintiff and the class members are entitled to damages equal to all unpaid minimum wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. FLSA, 29 U.S.C. §216(b).

60. Plaintiff and the class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

61. Defendant is liable pursuant to FLSA, 29 U.S.C. §216(b) for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

E. A judgment in the amount of the difference between the federal minimum wage rate and the average hourly wage rate paid to Plaintiffs and the class members on a weekly basis;

F. Liquidated damages in an amount equal to the amount of unpaid federal minimum wage compensation found due;

G. An award of pre-judgment and post-judgment interest at the applicable legal rate.

H. Reasonable attorneys' fees and costs incurred in bringing this action; and

I. Such other and further relief as this Court deems appropriate and just.

**COUNT III**
**Violation of Missouri's Wage and Hour Laws**

All Plaintiffs on behalf of themselves
and a class of other similarly situated employees

*Failure to Pay Minimum Wage for All Hours Worked on a Workweek Basis*

Plaintiffs incorporate and re-allege paragraphs 1 through 53 as though set forth herein.

62. Plaintiffs have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws, R.S. MO. § 290.500, *et seq*.

63. Missouri's wage and hour laws regulate, among other things, the payment of minimum wage by employers, subject to limited exemptions not applicable here. R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.502.1.67.

64. Missouri's wage and hour laws exempt certain categories of employees from Missouri's minimum wage obligations, none of which apply to Plaintiffs or the Class. R.S. Mo. §§ 290.500(3).

12

65. Pursuant to Missouri's wage and hour laws, Plaintiffs and Missouri Class members were entitled to be compensated at not less than the Missouri minimum wage rate for all time worked. R.S. Mo. § 290.502.1.

66. Defendants, pursuant to their policy and practice set forth more fully in paragraphs 21 – 39, supra, violated Missouri's minimum wage law by failing to pay Plaintiffs and other similarly situated employees not less than the Missouri minimum wage rate for all time worked. R.S. Mo. § 290.502.1

67. Plaintiffs and the Missouri Class are victims of a uniform and employer-based compensation policy and practice as set forth in more detail in paragraphs 21 – 39, *supra*. This uniform policy and practice, in violation of Missouri's wage and hour laws, has been applied, and continues to be applied, to all Missouri Class members.

68. Plaintiff and the Missouri Class members are entitled to damages equal to all unpaid minimum wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

69. Plaintiff and the Missouri Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

70. Defendant is liable pursuant to R.S. Mo. § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

J. A judgment in the amount of the difference between the Missouri minimum wage rate and the average hourly wage rate paid to Plaintiffs and the Missouri Class members on a weekly basis;

K. Liquidated damages in an amount equal to the amount of unpaid Missouri minimum

wage compensation found due;

L.   An award of pre-judgment and post-judgment interest at the applicable legal rate.

M.   Reasonable attorneys' fees and costs incurred in bringing this action; and

N.   Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of Missouri's Wage and Hour Laws
*Failure to Pay Overtime Wages for All Time Worked in Excess of 40 Hours in a Workweek*

Plaintiffs incorporate and re-allege paragraphs 1 through 62 as though set forth herein.

71.   Plaintiffs have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws, R.S. MO. § 290.500, *et seq*.

72.   Missouri's wage and hour laws regulate, among other things, the payment of overtime wage by employers, subject to limited exemptions not applicable here. R.S. Mo. § 290.505.

73.   Missouri's wage and hour laws exempt certain categories of employees from Missouri's overtime wage obligations, none of which apply to Plaintiffs or the Class. R.S. Mo. § 290.505.

74.   Plaintiffs were directed by Defendants to work, and did so work, in excess of forty (40) hours in individual work weeks as set forth in more detail in paragraphs 21 – 39, *supra*.

75.   Other similarly situated non-exempt employees employed by Defendants were directed by Defendants to work, and did so work, in excess of forty (40) hours per week as set forth in more detail in paragraphs 21 – 39, *supra*.

76.   Pursuant to R.S. Mo. § 290.505, Plaintiffs and the Missouri Class members were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks.

77. Defendants did not compensate Plaintiffs and other similarly situated non-exempt employees at a rate of one and one-half times their regular hourly rate of pay for all time worked in excess of forty (40) hours in individual workweeks as set forth in more detail in paragraphs 21 – 39, *supra*.

78. Defendant's failure to pay overtime wages to Plaintiffs and similarly situated employees for all time worked in excess of forty (40) hours per week violated the R.S. Mo. § 290.505.

79. Plaintiffs and the Missouri Class are victims of a uniform and employer-based compensation policy and practice. This uniform policy and practice, in violation of Missouri's wage and hour laws, has been applied, and continues to be applied, to all Missouri Class members.

80. Plaintiff and the Missouri Class members are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

81. Plaintiff and the Missouri Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

82. Defendant is liable pursuant to R.S. Mo. § 290.527 for Plaintiffs' costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. A judgment in the amount of one and one-half times Plaintiffs' and similarly situated employees' hourly wage rate for all time which Plaintiff and similarly situated employees worked in excess of forty (40) hours per week;

B. Liquidated damages in an amount equal to the amount of unpaid Missouri minimum wage compensation found due;

C. An award of pre-judgment and post-judgment interest at the applicable legal rate.

D. Reasonable attorneys' fees and costs incurred in bringing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
*Unjust Enrichment*

Plaintiffs incorporate and re-allege paragraphs 1 through 74 as though set forth herein.

83. Plaintiffs and other similarly situated employees of Defendants conferred benefits on Defendant through their work and Defendant received such benefits conferred upon them by Plaintiffs and those similarly situated as set forth in more detail in paragraphs 21 – 39, *supra*.

84. Defendants appreciated the fact of the benefits.

85. Defendants accepted and retained the benefits in circumstances that render such retention inequitable.

86. Defendants have thereby been unjustly enriched and Plaintiffs and others similarly situated have been damaged.

87. Plaintiff and other similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling at Plaintiffs and other similarly situated employees' regular rate of pay.

88. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. All unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling at Plaintiffs and other similarly situated employees' regular rate of pay;

B. An award of pre-judgment and post-judgment interest at the applicable legal rate.

C. Reasonable attorneys' fees and costs incurred in bringing this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### *Breach of Contract*

Plaintiffs incorporate and re-allege paragraphs 1 through 80 as though set forth herein.

89. Plaintiffs and Defendant knowingly entered into Agreements in which Plaintiffs would provide labor to Defendant for purposes of carrying on Defendant's business, and Defendant agreed to pay Plaintiffs for their labor at the agreed-upon wage rates.

90. Plaintiffs satisfied their obligations under the Agreements and have worked numerous hours, including overtime hours as set forth in more detail in paragraphs 21 – 39, *supra*.

91. Defendant accepted the benefit of Plaintiffs' labor but failed to fully compensate Plaintiffs for their labor as required by the Agreements as set forth in more detail in paragraphs 21 – 39, *supra*.

92. Plaintiffs have made demands on Defendant for payment of the amounts due and owing, and Defendants have failed and refused to make payment as required by the Agreements.

93. By accepting the benefit of Plaintiffs' compliance with the Agreements, while failing to comply with its own obligations under the Agreements, Defendant materially breached the Agreements.

94. As a direct result of Defendant's breaches, Plaintiffs have been damaged in the amounts for which they have not been paid for their labor, plus collection costs, pre- and post-judgment interest.

WHEREFORE, Plaintiffs pray for a judgment against Defendant as follows:

A. All unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling at Plaintiffs' regular rate of pay;

B. All unpaid overtime wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling at Plaintiffs' overtime rate of pay;

C. Liquidated damages in an amount equal to the amount of unpaid regular and overtime wages found due;

D. An award of pre-judgment and post-judgment interest at the applicable legal rate.

E. Reasonable attorneys' fees and costs incurred in bringing this action; and

F. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: August 16, 2018

**DUGAN SCHLOZMAN LLC**

/s/Mark V. Dugan
Heather Schlozman     #43234
Mark V. Dugan         #39639
MO 39639, KS 23897
Dugan Schlozman LLC
8826 Santa Fe Drive, Suite 307
Overland Park, KS 66212
heather@duganschlozman.com
mark@duganschlozman.com
Ph: 913-322-3528
Fax: 913-904-0213

**HEARTLAND CENTER FOR JOBS AND FREEDOM, INC.**

/s/ Gina Chiala
GINA CHIALA          # 59112
4047 Central Street
Kansas City, MO 64111
T. (816) 278-1092
F. (816) 278-5785
ginachiala@jobsandfreedom.org

**WORKERS' LAW OFFICE, PC**
Christopher J. Williams
Illinois Bar No. 6284262
Chicago, Illinois 60604
(312) 795-9121
(pending admission *pro hac vice*)