# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| ANDRIANA CANO, KIMBERLY MARTIN, BEATRIZ RAMIREZ, ALANDRA VALDERAS, PAULINA TRUJILLO, AND RICARDO YANEZ, *On behalf of themselves and all other Similarly situated employees,* <br><br> Plaintiffs, <br><br> v. <br><br> FQSR, LLC, d/b/a KBP FOODS, <br><br> Defendant. | Case No. 4:18-cv-00640-SRB |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant FQSR, LLC, d/b/a KBP Foods ("Defendant" or "KBP") hereby answers the Complaint of Plaintiffs Adriana Cano, Kimberly Martin, Beatriz Ramirez, Alandra Valderas, Paulina Trujillo, and Ricardo Yanez ("Plaintiffs") and as set forth herein. Defendant denies each and every allegation, title, count, claim and prayer of the Complaint that is not expressly admitted.

### I. NATURE OF PLAINTIFFS' CLAIMS

1. Defendant answers only that paragraph 1 purports to identify the legal theories on which Plaintiffs seek relief. Defendant denies that Plaintiffs are entitled to any relief, denies any violation of law, denies that employees are similarly situated, and denies any remaining allegations in paragraph 1.

2. Defendant admits only that it is a restaurant franchisee which operates restaurants under the brand name of Kentucky Fried Chicken. Defendant is without information or knowledge sufficient to form a belief as to Plaintiffs' use of the term "largest." Defendant denies the remaining allegations in paragraph 2.

3. Defendant denies paragraph 3.

4. Defendant denies paragraph 4.

5. Defendant denies paragraph 5.

6. Defendant denies paragraph 6.

7. Defendant denies paragraph 7.

8. Defendant admits only that Exhibits A to F are attached to the Complaint. Defendant denies any unlawful compensation practices and denies the remaining allegations in paragraph 8.

## II. JURISDICTION AND VENUE

9. Defendant admits only that the identified Plaintiffs assert claims under a federal statute and Missouri state law. Defendant denies Plaintiffs are entitled to any relief and denies any remaining allegations in paragraph 9.

10. Defendant does not dispute that venue is proper in this judicial district, but denies the remaining allegations in paragraph 10.

## III. THE PARTIES

11. Defendant admits only that Plaintiff Martin was employed by FSQR, LLC in Missouri from November 2015 to February 2018 and handled goods which moved in interstate commerce. Defendant is without information or knowledge sufficient to form a belief as to the residence and domicile of Plaintiff Martin during the identified time frame. Defendant denies the remaining allegations in paragraph 11 and its sub-parts.

12. Defendant admits only that Plaintiff Cano was employed by FSQR, LLC in Missouri from May 2013 to July 2013, from February 2017 to October 2017, and from March 2018 to May 2018 and handled goods which moved in interstate commerce. Defendant is without

2

information or knowledge sufficient to form a belief as to the residence and domicile of Plaintiff Cano during the identified time frame. Defendant denies the remaining allegations in paragraph 12 and its sub-parts.

13. Defendant denies that it employed Plaintiff Alandra Valderas and denies the remaining allegations in paragraph 13.

14. Defendant admits only that Plaintiff Yanez was employed by FSQR, LLC in Missouri from February 2015 to December 2017 and handled goods which moved in interstate commerce. Defendant is without information or knowledge sufficient to form a belief as to the residence and domicile of Plaintiff Yanez during the identified time frame. Defendant denies the remaining allegations in paragraph 14 and its sub-parts.

15. Defendant admits only that Plaintiff Trujillo was employed by FSQR, LLC in Missouri from June 2017 to November 2017 and handled goods which moved in interstate commerce. Defendant is without information or knowledge sufficient to form a belief as to the residence and domicile of Plaintiff Trujillo during the identified time frame and denies the remaining allegations in paragraph 15.

16. Defendant admits only that Plaintiff Ramirez was employed by FSQR, LLC in Missouri from August 2016 to April 2018 and handled goods which moved in interstate commerce. Defendant is without information or knowledge sufficient to form a belief as to the residence and domicile of Plaintiff Ramirez and denies the remaining allegations in paragraph 16.

17. Defendant admits that it is a Delaware corporation with a principal place of business in Overland Park, Kansas. Defendant admits that it conducts business in Kansas and Missouri and does in excess of $500,000 in business exclusive of taxes. The remainder of paragraph 17 contains

3

legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 17.

## IV. FACTUAL BACKGROUND

18. Defendant admits only that it is a franchisee which operates restaurants under the brand name Kentucky Fried Chicken, including in this judicial district. Defendant denies the remaining allegations in paragraph 18.

19. Defendant denies paragraph 19.

20. Defendant denies paragraph 20.

### The Deletion of Hours

21. Defendant denies paragraph 21.

22. Defendant denies paragraph 22.

23. Defendant denies paragraph 23.

24. Defendant denies paragraph 24.

### The Biometric Time Keeping System and Inactive Registers

25. Defendant denies paragraph 25.

26. Defendant denies paragraph 26.

27. Defendant denies paragraph 27.

28. Defendant denies paragraph 28.

29. Defendant denies paragraph 29.

### The Biometric System's Failure to Record Hours Worked

30. Defendant denies paragraph 30.

31. Defendant denies paragraph 31.

32. Defendant denies paragraph 32.

33. Defendant denies paragraph 33.

34. Defendant denies paragraph 34.

**Defendant's Closing Procedures and Work Performed Off-the-Clock**

35. Defendant denies paragraph 35.

36. Defendant denies paragraph 36.

37. Defendant denies paragraph 37.

38. Defendant denies paragraph 38.

## V. COLLECTIVE ALLEGATIONS

39. Defendant admits only that paragraph 39 purports to identify the legal theories of Plaintiffs' claims. Defendant incorporates its responses to paragraphs 1 to 38, denies that Plaintiffs are entitled to any relief, denies that the claims are appropriate for collective action treatment, and denies paragraph 39.

40. Defendant denies paragraph 40.

## VI. CLASS ACTION ALLEGATIONS

41. Defendant admits only that paragraph 41 purports to identify the legal theories of Plaintiffs' claims. Defendant incorporates its responses to paragraphs 1 to 40, denies that Plaintiffs are entitled to any relief, denies that the claims are appropriate for class action treatment, and denies paragraph 41.

42. Defendant admits only that paragraph 42 purports to identify Plaintiffs' class definition, but denies the purported class definition is proper and that Plaintiffs' claims are appropriate for class treatment, and denies paragraph 42.

43. Defendant denies paragraph 43 and each of its subparts.

44. Defendant denies paragraph 44.

## COUNT I
## Violation of the Fair Labor Standards Act

Plaintiffs Martin, Ramirez, Cano, Yanez, and Trujillo on behalf of themselves and a class of other similarly situated employees.

*Overtime Violation*

Defendant incorporates its responses to paragraphs 1 through 44, as if set forth here in response to Count I.

45. Defendant denies paragraph 45.

46. Defendant denies paragraph 46.

47. Defendant denies paragraph 47.

48. Defendant denies paragraph 48.

49. Defendant states that paragraph 49 contains legal conclusions without reference to specific facts and that no response is required. To the extent a response is required, Defendant denies paragraph 49.

50. Defendant denies paragraph 50.

51. Defendant denies paragraph 51.

52. Defendant denies paragraph 52.

## COUNT II
## Violation of the Fair Labor Standards Act

All Plaintiffs on behalf of themselves
and a class of other similarly situated employees.

*Failure to Pay Minimum Wage for All Hours Worked on a Workweek Basis*

Defendant incorporates its responses to paragraphs 1 through 52, as if set forth here in response to Count II.

53. Defendant admits only that paragraph 53 purports to identify the legal theories of Plaintiffs' claims and denies the allegations in paragraph 53.

6

54. Defendant states that paragraph 54 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 54.

55. Defendant states that paragraph 55 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 55.

56. Defendant states that paragraph 56 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 56.

57. Defendant denies paragraph 57.

58. Defendant denies paragraph 58.

59. Defendant denies paragraph 59.

60. Defendant denies paragraph 60.

61. Defendant denies paragraph 61.

### COUNT III
### Violation of Missouri's Wage and Hour Laws

*All Plaintiffs on behalf of themselves
and a class of other similarly situated employees*

*Failure to Pay Minimum Wage for All Hours Worked on a Workweek Basis*

Defendant incorporates its responses to paragraphs 1 through 61, as if set forth here in response to Count IIII.

62. Defendant states that paragraph 62 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 62.

7

63. Defendant states that paragraph 63 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 63.

64. Defendant states that paragraph 64 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 64.

65. Defendant states that paragraph 65 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 65.

66. Defendant denies paragraph 66.

67. Defendant denies paragraph 67.

68. Defendant denies paragraph 68.

69. Defendant denies paragraph 69.

70. Defendant denies paragraph 70.

## SECOND COUNT III
### Violation of Missouri's Wage and Hour Laws

*Failure to Pay Overtime Wages for All Time Worked in Excess of 40 Hours in a Workweek*

Defendant incorporates its responses to paragraphs 1 through 70, as if set forth here in response to Plaintiffs' Second Count III.

71. Defendant states that paragraph 71 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 71.

72. Defendant states that paragraph 72 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 72.

73. Defendant states that paragraph 73 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 73.

74. Defendant denies paragraph 74.

75. Defendant denies paragraph 75.

76. Defendant states that paragraph 76 contains legal conclusions without reference to individuals or specific facts, and that no response is required. To the extent a response is required, Defendant denies paragraph 76.

77. Defendant denies paragraph 77.

78. Defendant denies paragraph 78.

79. Defendant denies paragraph 79.

80. Defendant denies paragraph 80.

81. Defendant denies paragraph 81.

82. Defendant denies paragraph 82.

## COUNT IV
## Unjust Enrichment

Defendant incorporates its responses to paragraphs 1 through 82, as if set forth here in response to Count IV.

83. Defendant denies paragraph 83.

84. Defendant denies paragraph 84.

85. Defendant denies paragraph 85.

86. Defendant denies paragraph 86.

87. Defendant denies paragraph 87.

88. Defendant denies paragraph 88.

## COUNT V
## Breach of Contract

Defendant incorporates its responses to paragraphs 1 through 88, as if set forth here in response to Count V.

89. Defendant denies paragraph 89.

90. Defendant denies paragraph 90.

91. Defendant denies paragraph 91.

92. Defendant denies paragraph 92.

93. Defendant denies paragraph 93.

94. Defendant denies paragraph 94.

## **COMMON AND AFFIRMATIVE DEFENSES**

Defendant's affirmative defenses to Plaintiffs' Complaint are set forth below. By setting forth the following defenses, Defendant does not assume the burden of proof on any matters or issues other than those on which Defendant has the burden of proof as a matter of law.

1. Plaintiffs and the members of the proposed classes are not entitled to the relief requested as a matter of fact or law. Plaintiffs have failed to state a claim upon which relief can be granted.

2. Upon information and belief, the employment applications made by some Plaintiffs or members of the proposed classes contain arbitration agreements and/or other alternative dispute resolution procedures that require any claim asserted to be resolved through arbitration and/or other alternative dispute resolution procedures.

10

FPDOCS 34658185.2

Case 4:18-cv-00640-SRB    Document 8    Filed 10/31/18    Page 10 of 15

3. Plaintiffs and the members of the proposed classes were properly paid all wages owed under all applicable laws.

4. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, to the extent that Plaintiffs suffered no legal injury, including but not limited to no injury to Plaintiffs and/or members of the proposed classes who were fully paid for any overtime, did not work any overtime, did not have any negative time adjustments and did not work any closing shifts.

5. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, by the two year limitations period set forth in Section 6 of the Portal-to-Portal Act, 29 U.S.C. § 255.

6. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, by the statute of limitations applicable to claims under Missouri statutory or common law, including, but not limited to, the limitations period set forth in Mo. Rev. Stat. § 290.500.

7. The claims of Plaintiffs and the members of the proposed classes may be barred in part by the provisions of Section 11 of the Portal-to-Portal Act, 29 U.S.C. § 260, because any acts or omissions giving rise to this action occurred in good faith and with reasonable grounds for believing that the acts or omissions were not a violation of the Fair Labor Standards Act of 1938, as amended, or of Missouri law.

8. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, by the provisions of Section 10 of the Portal-to-Portal Act, 29 U.S.C. § 259, because all actions taken in connection with Plaintiffs' compensation were done in good faith in conformity with and in reliance upon written administrative regulations, orders, rulings, approvals,

11

FPDOCS 34658185.2
Case 4:18-cv-00640-SRB   Document 8   Filed 10/31/18   Page 11 of 15

interpretations, administrative practices, and/or enforcement policies of the Wage and Hour Division of the U.S. Department of Labor, as also adopted by Missouri law.

9. The claims of Plaintiffs and the members of the proposed classes may be barred by the provisions of Section 4 of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiffs were engaged in activities which were preliminary or postliminary to principal activities or for which Plaintiffs seek compensation for time which is not legally compensable working time or is *de minimis.*

10. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, by exclusions, exceptions, or credits provided for in Section 7 of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 207.

11. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, because the damages alleged by Plaintiffs or members of the proposed classes were proximately caused by persons and entities other than Defendant.

12. Plaintiffs and members of the proposed classes may not seek equitable relief, because they have an adequate remedy at law.

13. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, by their failure to mitigate their damages.

14. Plaintiffs' action is not properly maintained as a collective or class action because the requirements under federal law for collective or class certification have not been met, cannot be met, and because certification of the proposed classes would result in denial of due process to Defendant as well as to members of the proposed class(es).

15. Plaintiffs' claims are not appropriate for collective action treatment under 29 U.S.C. § 216(b).

12
FPDOCS 34658185.2
Case 4:18-cv-00640-SRB   Document 8   Filed 10/31/18   Page 12 of 15

16. Plaintiffs cannot meet the requirements for class certification pursuant to Fed. R. Civ. P. 23.

17. The claims being made on behalf of the proposed classes may be barred, in whole or in part, to the extent that this action is not appropriate for class treatment because Plaintiffs' claims necessarily revolve around individual timekeeping practices by each of the members of the proposed class, the location in which they worked and the managers for whom they worked.

18. The claims being made on behalf of the proposed classes may be barred, in whole or in part, to the extent that this action is not appropriate for class treatment because Plaintiffs' proposed classes include both employees and managers.

19. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, to the extent that the doctrines of accord and satisfaction, estoppel, laches, release or waiver apply.

20. The claims of Plaintiffs and the members of the proposed classes may be barred, in whole or in part, to the extent they have made statements and/or taken actions that estop them from asserting their claims or to the extent they have engaged in unlawful, inequitable or improper conduct.

21. Discovery has not yet commenced. Defendant reserves the right to add additional affirmative defenses should said defenses be warranted based upon discovery, including but not limited to those set forth in Rule 12(b) and 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE, having fully answered, Defendant FQSR, LLC, d/b/a KBP Foods prays that the Court enter judgment in its favor on each and every count, claim and prayer, for its costs, for its reasonable attorneys' fees, and for such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Gregory D. Ballew*

| | |
|---|---|
| J. Randall Coffey | MO Bar No. 35070 |
| Gregory D. Ballew | MO Bar No. 47379 |
| Samantha J. Monsees | MO Bar No. 65545 |

**FISHER & PHILLIPS LLP**
4900 Main Street, Suite 650
Kansas City, MO 64112
Phone: (816) 842-8770
Facsimile: (816) 842-8767
Email: rcoffey@fisherphillips.com
Email: gballew@fisherphillips.com

ATTORNEYS FOR DEFENDANT
FQSR, LLC, d/b/a KBP FOODS

## CERTIFICATE OF SERVICE

I certify on this 31st day of October, 2018 that a true and correct copy of the above and foregoing document was filed using the Court's CM/ECF system which will automatically send electronic notice of filing to the following:

Heather Schlozman
Mark V. Dugan
Dugan Schlozman LLC
8826 Santa Fe Drive, Suite 307
Overland Park, KS 66212
TEL: (913) 322-3528
FAX: (913) 904-0213
Email: heather@duganschlozman.com
Email: mark@duganschlozman.com

Gina Chiala
Heartland Center for Jobs and Freedom, Inc.
4047 Central Street
Kansas City, MO 64111
TEL: (816) 278-1092
FAX: (816) 278-5785
Email: ginachiala@jobsandfreedom.org

Christopher J. Williams
Workers' Law Office, PC
53 W. Jackson Blvd. Ste 701
Chicago, IL 60604
TEL: (312) 795-3721
Email: cwilliams@wagetheftlaw.com

*ATTORNEYS FOR PLAINTIFFS*

*/s/ Gregory D. Ballew*
ATTORNEY FOR DEFENDANT